**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Jonathan S. HUMFLEET,
Defendant/Appellant.**

**No. ED 80784.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 15, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 4, 2003.

Application for Transfer Denied
Oct. 28, 2003.

Richard H. Sindel, Clayton, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

Before ROBERT G. DOWD, JR., P.J. and MARY K. HOFF, J. and GEORGE W. DRAPER III, J.

## ORDER

PER CURIAM.

Jonathan Humfleet (Defendant) appeals from the trial court's judgment and sentence imposed after a jury found him guilty of four counts of statutory sodomy in the first degree, in violation of Section 566.062 RSMo 1994, and two counts of sexual misconduct involving a child, in violation of Section 566.083 RSMo Cum.Supp. 1999. Defendant was sentenced to forty years imprisonment on each of the four sodomy counts, and five years on each of the sexual misconduct counts, the sentences to run concurrently.

Defendant raises six points on appeal. First, Defendant claims the trial court erred by denying his motions to dismiss, to transfer, and for judgment of acquittal, and by submitting more than two counts of statutory sodomy and two counts of sexual misconduct because the State allegedly failed to prove that more than two counts of statutory sodomy and two counts of sexual misconduct occurred in St. Louis County. Second, Defendant contends the trial court erred in denying Defendant's motion to recuse the prosecuting attorney because the prosecutor was a witness to statements made by the victim to the effect that no sexual contact had occurred between himself and Defendant. Third, Defendant asserts the trial court erred by denying his request for a mistrial based on the testimony of two officers who stated Defendant was sexually attracted to children. Fourth, Defendant claims the trial court erred by refusing to permit the testimony of two witnesses who would have testified that Defendant had told them of a physical condition affecting his genitals, in order to rebut a charge of recent fabrication. Fifth, Defendant alleges the trial court erred by not permitting Defendant to question two police officers regarding their failure to place a hotline call to the Division of Family Services (DFS) pursuant to Section 211.115(1) RSMo 2000. Sixth, Defendant asserts the trial court erred in failing to sustain his objections to statements made by the prosecutor in the State's closing argument.

We have reviewed the briefs of the parties, the legal file, and the record on appeal, and find the claims of error to be without merit. No error of law appears. An extended opinion would serve no jurisprudential purpose. The parties have been furnished with a memorandum for their information only setting forth the reasons for our decision. We affirm the judgment pursuant to Rule 30.25(b).